IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FERRELL HOLSTICK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 3:12cv484-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion by federal inmate Anthony Ferrell Holstick ("Holstick") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Holstick challenges the sentence imposed on him in 2006 for conspiring to distribute cocaine base and two counts of distributing cocaine base (Case No. 3:94cr114-TMH).[1] He argues that he is entitled to retroactive application of the United States Supreme Court's holding in *DePierre v. United States*, ___ U.S. ___, 131 S.Ct. 2225 (2011), which he says would result in his receiving a lesser sentence.[2] For the reasons now discussed, the court concludes that Holstick is not entitled to relief.

---

[1] In the same proceeding, Holstick was also convicted of using or carrying a firearm during a drug-trafficking crime.

[2] In *DePierre*, the Supreme Court held that, for purposes of establishing mandatory minimum sentences for certain offenses involving "cocaine base," the term "cocaine base," as used in 21 U.S.C. § 841(b)(1), includes all cocaine in its chemically basic form, not just "crack cocaine." 131 S.Ct. at 2237. The undersigned takes no position as to whether retroactive application of *DePierre* would have any conceivable impact on Holstick's sentence.

## I. DISCUSSION

This is the second 28 U.S.C. § 2255 motion filed by Holstick attacking his convictions and sentence in Case No. 3:94cr114-TMH. Holstick's first such § 2255 motion was filed on October 4, 2000. *See United States v. Holstick*, Civil Action No. 3:01cv484-TMH-CSC, Doc. No. 1. On December 5, 2003, this court denied that § 2255 motion, deciding all claims adversely to Holstick. *Id.*, Doc. No. 17 (*Order of District Court Judge Adopting Recommendation of the Magistrate Judge* [Doc. No. 14] *and Denying § 2255 Motion with Prejudice*). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

The pleadings and documents in this case reflect that Holstick has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is well settled that a district court lacks the jurisdiction to

consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Holstick's present motion, and the motion is due to be summarily dismissed.

Holstick contends that this court may properly consider the merits of his successive § 2255 motion because *DePierre* effected a "substantive New Rule of Law" that is automatically to be given retroactive application to his case. (Doc. No. 2 at 5.) However, even assuming that *DePierre* recognized a substantive New Rule of Law with retroactive effect, Holstick is nonetheless required first to receive certification from the Eleventh Circuit authorizing this court to consider this claim within the context of his § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) & § 2255(h)(2).

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be denied and this case dismissed, as Holstick has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 25, 2012**. A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 11th day of July, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE